UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDDIE DEAN FORD,

          Plaintiff,

v.     Case No. 3:12-cv-52-J-37TEM

KENNETH S. TUCKER, etc.;
et al.,

          Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Ford, an inmate of the Florida penal system, who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint (Doc. #1) (Complaint) pursuant to 42 U.S.C. § 1983. He names two Defendants: Kenneth S. Tucker, the Secretary of the Florida Department of Corrections, and Dr. Aquila (ENT Specialist), Jacksonville Memorial Hospital.

In the Complaint, Plaintiff alleges the following. He states that he was suffering from a painful and swollen lesion on his throat. Indeed, there was an inflamed red spot on his throat which caused him to have difficulty speaking. Plaintiff was told that surgery would get rid of the pain, and he would be "singing like a bird." On July 22, 2010, Dr. Aquila performed surgery to remove the lesion. After the surgery, Plaintiff still suffered from pain, swelling and the red spot.

Post-surgery, Plaintiff refused to see Dr. Aquila, even though he was advised by Dr. J. Morales and other medical professionals that he had no option to select a different doctor. He complains

that Dr. Aquila made an inadequate diagnosis, provided deficient treatment, and bungled the throat surgery. Plaintiff desires a second opinion.

Plaintiff's grievance, dated February 16, 2011, is attached to the Complaint. Therein, Plaintiff complains the surgery did not resolve his medical problem, and he is refusing to go back to Dr. Aquila for further treatment. S. Bassett, SHSA, responded on February 23, 2011, and said: "You do not have the option to select your health care provider. You were seen and assessed by Dr. Morales on 2/7/11. You have a follow up scheduled with ENT specialist. You also have the option to access sick call." Plaintiff appealed to the Warden on February 25, 2011, and J. Morales, M.D., the Chief Health Officer for New River Correctional Institution, responded that Plaintiff did not have the option to select his health care provider, that he was seen by a doctor on February 7, 2011, and that it was documented that Plaintiff refused his scheduled follow-up appointment in the doctor's clinic. Response of March 18, 2011. Plaintiff was notified that he was scheduled to see the specialist and he was encouraged to keep his medical appointments. Id. Plaintiff's grievance appeal was denied. Id.

Plaintiff appealed to the Secretary on March 22, 2011. A records review was undertaken, and it was determined that Plaintiff refused scheduled appointments with the ENT on October 1, 2010,

October 15, 2010, March 11, 2011, and March 18, 2011. Response of July 5, 2011. Plaintiff was reminded that sick call was available, and it was determined that Dr. Morales' March 18, 2011, response appropriately addressed Plaintiff's issues. Id.

In sum, Plaintiff claims the Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment of the United States Constitution. He seeks compensatory damages. Recently, the Eleventh Circuit, addressing an inmate's claim of deliberate indifference to his serious medical needs, explained the legal standard for supporting an Eighth Amendment claim of cruel and unusual punishment:

> Substantively, "[t]o prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). The Eighth Amendment of the United States Constitution forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment is applicable to the states through the Fourteenth Amendment. Chandler, 379 F.3d at 1288 n.20. The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Every claim by a prisoner that he did not receive medical treatment, however, is not a violation of the Eighth Amendment. Id. at 105, 97 S.Ct. at 291.
>
> To prevail on a claim of inadequate medical treatment, a prisoner must satisfy an objective and a subjective requirement. Taylor

v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). The plaintiff must show an "objectively serious deprivation" of medical care by demonstrating (1) "an objectively serious medical need ... that, if left unattended, poses a substantial risk of serious harm," and (2) that the prison official's response "to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Id. (quotations, brackets, and citations omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted).

A prisoner must also show a prison official's subjective intent to punish by demonstrating that the official acted with deliberate indifference. Taylor, 221 F.3d at 1258. To satisfy this requirement, a prisoner must show the prison official's: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all. Id. A "complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106, 97 S.Ct. at 292.

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v.

4

> Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). Likewise, a defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). An Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment. Young v. City of Augusta, Ga., 59 F.3d 1160, 1169 n.17 (11th Cir. 1995).

Bingham v. Thomas, 654 F.3d 1171, 1175-76 (11th Cir. 2011) (per curiam).

The Prison Litigation Reform Act requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490

U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In reviewing Plaintiff's Complaint, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Houston v. Williams, 547 F.3d 1357, 1360-61 (11th Cir. 2008) (citing 42 U.S.C. § 1983). Regardless of whether Plaintiff satisfies the first element, in the absence of allegations of a constitutional deprivation or a violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under § 1983.

A prisoner can state a claim for violation of the Eighth Amendment by showing "deliberate indifference" to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, "[d]eliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083

(11th Cir. 2004) (citation omitted).  Only "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" can offend the "'evolving standards of decency' in violation of the Eighth Amendment". Estelle v. Gamble, 429 U.S. 97, 106 (1976) (footnote omitted).  Inadvertence or mere negligence in failing to provide adequate medical care does not rise to the level of a constitutional violation.  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

The United States Court of Appeals for the Eleventh Circuit has described deliberate indifference as follows:

> For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).  A medical need may be considered serious if a delay in treating it makes it worse. Danley v. Allen, 540 F.3d 1298, 1310 (11th Cir. 2008).  To show deliberate indifference to a serious medical need, a plaintiff must demonstrate that defendants' response to the need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and internal quotations omitted).

Palazon v. Sec'y for the Dep't of Corr., 361 Fed.Appx. 88, 89 (11th Cir. 2010) (per curiam) (not selected for publication in the Federal Reporter).

In <u>Granda v. Schulman</u>, 372 Fed.Appx. 79, 83 (11th Cir. 2010) (per curiam) (not selected for publication in the Federal Reporter), the Eleventh Circuit clarified whether a course of treatment would state a claim under the Eighth Amendment:

> Nevertheless, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." <u>Estelle</u>, 429 U.S. at 106, 97 S.Ct. at 292; <u>see</u> <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1575 (11th Cir.1985) ("Although [the prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). In <u>Estelle</u>, the Supreme Court held that a prisoner failed to state a claim of deliberate indifference by alleging that medical personnel failed to diagnose and treat his back injury properly, which caused him to suffer pain for a three-month period, because he admitted to receiving treatment, including painkillers and muscle relaxants, on multiple occasions. 429 U.S. at 99-101, 106-07, 97 S.Ct. at 288-89, 292-93.

Here, Plaintiff's allegations center upon what is, at most, an alleged negligent action during surgery: failure to perform or neglecting to perform an adequate surgery, with Plaintiff still suffering from pain, swelling and discomfort post-surgery. Plaintiff desires a second opinion, and he does not want post-operative care from Dr. Aquila.

Even if Plaintiff's treatment were to be considered less than adequate or medical malpractice, "[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" <u>Harris v.

Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle, 429 U.S. at 106). This Court is convinced that Plaintiff has little or no chance of success on a claim of constitutional deprivation, and this case should be dismissed as frivolous, in that context. Plaintiff was diagnosed with a lesion and provided with surgery. He has repeatedly refused post-operative appointments with the specialist. Plaintiff has failed to allege facts which support a plausible deliberate indifference claim pursuant to the Eighth Amendment of the United States Constitution. Simply, the claim raised in the Complaint is, at most, a negligence or medical malpractice claim.

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2.  The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of January, 2012.

ROY B. DALTON JR.
United States District Judge

```
sa 1/24
c:
Eddie Dean Ford
```